UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| VANESSA COLEMAN,<br><br>            Plaintiff,<br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>           Defendants. | Civil Action No. 04-1325 (GK) |

## ANSWER

Defendant District of Columbia and its non-sui juris agency, the District of Columbia Fire and Emergency Medical Service (jointly, "Defendant"), answer the Complaint as follows:

### FIRST DEFENSE

In answer to the numbered paragraphs of Plaintiff's Complaint, Defendant states:

1. The allegations of Paragraph 1 of the Complaint contain a legal conclusion, rather than an allegation of fact, thus no response is required.

2. The allegations of Paragraph 2 of the Complaint because contain a legal conclusion, rather than an allegation of fact, thus no response is required.

3. Defendant denies the allegation of Paragraph 3 of Plaintiff's Complaint.

4. Defendant admits the allegation of Paragraph 4 of the Complaint.

5. Defendant admits that allegation of Paragraph 5 of the Complaint.

6. Defendant admits that the Plaintiff is a Sergeant, Fire Service Level 04 and that her service computation date is March 1, 1990.

7. Defendant denies the allegation of Paragraph 7 of the Complaint.

8. Defendant denies the allegation of Paragraph 8 of the Complaint.

9. Defendant neither admits nor denies the allegations of Paragraph 9 of the Complaint because the phrase "included, but not limited to," is vague which makes it impossible to know what precisely is alleged.

10. Defendant denies the allegation(s) of Paragraph 10 of the Complaint.

11. Defendant denies the allegation(s) of Paragraph 11 of the Complaint.

12. Defendant denies the allegation(s) of Paragraph 12 of the Complaint.

13. Defendant admits the allegation(s) of Paragraph 13 of the Complaint, except that Plaintiff did not file a "complaint", but, rather, a charge.

14. Defendant admits that the Equal Employment Opportunity Commission issued a "Dismissal and Notice of Rights" dated March 3, 2004. Defendant neither admits nor denies the allegations of the second sentence of Paragraph 14 of the Complaint because it lacks sufficient information to form a belief as to the truth of the matter asserted. The final sentence of Paragraph 14 of the Complaint contains a legal conclusion, rather than an allegation of fact, thus no response is required.

## COUNT I

15. Defendant adopts by reference its answers to Paragraphs 1-14 of the Complaint.

16. Defendant denies the allegation(s) of Paragraph 16 of the Complaint.

17. Defendant denies the allegation(s) of Paragraph 17 of the Complaint.

## COUNT II

18. Defendant adopts by reference its answers to Paragraphs 1-17 of the Complaint.

19. Defendant denies the allegation(s) of Paragraph 19 of the Complaint.

## COUNT III

20. Defendant adopts by reference its answers to Paragraphs 1-19 of the Complaint.

21. Defendant denies the allegation(s) of Paragraph 21 of the Complaint.

22. Defendant denies the allegation(s) of Paragraph 22 of the Complaint.

## COUNT IV

23. Defendant adopts by reference its answers to Paragraphs 1-22 of the Complaint.

24. Defendant denies the allegation(s) of Paragraph 24 of the Complaint.

25. Defendant denies the allegation(s) of Paragraph 25 of the Complaint.

## SECOND DEFENSE

The scope of the allegations in the Complaint exceeds that of the charge that Plaintiff filed with the EEOC.

## THIRD DEFENSE

Because administrative proceedings relating to the alleged discipline are ongoing, this Court is required to abstain from all proceedings under Ohio Civil Rights Comm'n v. Dayton Christian Schools, 477 U.S. 619 (1986), at least until the conclusion of local administrative proceedings. See JMM Corp. v. District of Columbia, 378 F.3d 1117 (D.C. Cir. 2004)(Younger abstention applies to District of Columbia proceedings.

## FOURTH DEFENSE

This matter is not yet ripe, and therefore non-justiciable, because the ongoing disciplinary proceedings have not yet been completed. See Sampson v. Murray, 415 U.S. 61 (1974).

## FIFTH DEFENSE

Plaintiff has failed to exhaust available administrative remedies for challenging the allegedly improper discipline.

## SIXTH DEFENSE

Plaintiff has failed to file a notice of claim under D.C. Official Code § 12-309 for her common law tort counts.

## SEVENTH DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## EIGHTH DEFENSE

Any allegation not specifically admitted herein is denied. Defendant also reserves the right to amend its Answer or add new defenses in accordance with the Federal Rules of Civil Procedure.

## NINTH DEFENSE

Plaintiff was not injured by the Defendant.

## TENTH DEFENSE

Plaintiff did not undergo an adverse personnel action.

## ELEVENTH DEFENSE

Defendant's actions were at all times done without malice and in good faith and in accordance with all applicable laws, statutes and regulations.

## TWELFTH DEFENSE

Defendant denies that they took any retaliatory action against plaintiff.

## THIRTEENTH DEFENSE

Plaintiff has failed to mitigate her damages.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to injunctive relief and her claims therefor do not raise a "case or controversy" under Article III of the United States Constitution.

## FIFTEENTH DEFENSE

Defendants did not consider any statutorily protected characteristics or protected disclosures in connection with disciplining Plaintiff.

## SIXTEENTH DEFENSE

Plaintiff's claims are barred by qualified and/or absolute immunity.

## SEVENTEENTH DEFENSE

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by defendant or to avoid harm otherwise.

## EIGHTEENTH DEFENSE

The Court lacks personal jurisdiction over Defendant because of improper and insufficient service.

Dated: October 14, 2004

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

KIMBERLY MATTHEWS JOHNSON
Chief, General Litigation I
D.C. Bar No. 435163

_/s/ Wendel V. Hall_
WENDEL V. HALL
Assistant Attorney General
D.C. Bar No. 439344
Suite 6S012
441 4th Street, N.W.
Washington, D.C. 20001
(202) 724-6608
(202) 727-0431 (fax)
E-mail: wendel.hall@dc.gov